# EXHIBIT E

FILED
2/19/2026 9:10 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

NO. CC-26-01452-B

| | | |
|---|---|---|
| RACHEL BETH POLKA, Plaintiff, | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| MICHAEL SHANE SWANSON, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now RACHEL BETH POLKA, in her capacity as a beneficiary of the Rachel Beth Polka Revocable Trust, previously known as Rachel Beth Ross Revocable Trust ("the Trust") and files this her Original Petition and Jury Demand complaining of MICHAEL SHANE SWANSON, in his capacity as former Trustee of the Trust, Defendant, and in support of the same would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Discovery Control Plan Level 3 as set forth in the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Plaintiff RACHEL BETH POLKA is an individual residing in Dallas County, Texas.

   A. Pursuant to CPRC § 30.014:

      a) the last three numbers of RACHEL BETH POLKA'S Social Security number are 148 and the last three numbers of RACHEL BETH POLKA'S

Driver's License are 713.

3. Defendant MICHAEL SHANE SWANSON is an individual believed to be residing in the State of Minnesota and is licensed to practice law in the State of Texas. Service may be perfected on Defendant MICHAEL SHANE SWINSON pursuant to Texas Civil Practice & Remedies Code Section 17.045 by Serving the Secretary of State who shall mail a copy of the process to Defendant MICHAEL SHANE SWINSON at his place of business located at 50 S 6th St., Suite 2600, Minneapolis, Minnesota 55402.

## III.
## JURISDICTION & VENUE

4. Venue is proper in Dallas County, Texas, pursuant to Section 15.002 of the Civil Practice & Remedies Code and /or Section 115.002 of the Texas Property Code because this suit concerns a trust that was administered, in whole or in part, in Dallas County, Texas and because all or part of the events or omissions giving rise to these claims took place in Dallas County, Texas.

## IV.
## STATEMENT OF FACTS

5. Upon information and belief, Plaintiff asserts the following Statement of Facts which, in addition to other facts, supports Plaintiff's causes of actions set out herein.

6. Defendant was, for all time relevant, a trustee of the RACHEL BETH POLKA REVOCABLE TRUST, PREVIOUSLY KNOWN AS RACHEL BETH ROSS REVOCABLE TRUST (the "Trust").

7. Defendant withheld basic information regarding the nature, value, and performance of the Trust, information as to the Trustee, and failed to act in the best interest of Plaintiff as the beneficiary of the Trust, including but not limited to:

   a. In a confidential memorandum prepared by Defendant to Plaintiff's brother Michael Ross dated July 2, 2024, entitled "Road Map for Preparing the Next Generation," Defendant reported to Michael Ross that:

      i. "the advisors affirmatively recommended that the quantitative data not be shared at this point,"

      ii. and that information instead be "gradually" provided "in age appropriate manners."

      iii. Defendant emphasized that neither Plaintiff nor her children should be given a "full understanding of the extent of the wealth, the history and ownership of Poly-America and Olympic Finance Company, and the Trust structure in which the vast majority of the family wealth is held."

   b. Defendant failed to provide information requested in letters; specifically:

      i. On or about August 4, 2025, Attorney Sara Patel Pacheco of Jackson Walker LLP (referred to herein as "Jackson Walker") wrote Defendant SWANSON on behalf of Plaintiff asking Defendant to provide information about the Trust which has not been previously provided despite numerous requests.

ii. On or about August 8, 2025, Counsel for Defendant SWANSON responded that Defendant SWANSON represented other persons in the "Ross family and their entities" and that some of the requested information would not be provided based on "privilege."

iii. On or about August 18, 2025, Attorney Sara Patel Pacheco of Jackson Walker wrote Counsel for Defendant SWANSON requesting a basis for the privilege withholding referred to in the August 8, 2025 letter from Counsel for Defendant.

iv. On or about August 20, 2025, Counsel for Defendant SWANSON responded that Defendant SWANSON sent some documents and would not provide other certain "non-privileged" documents.

v. On or about August 22, 2025, Attorney Sara Patel Pacheco of Jackson Walker wrote Defendant SWANSON on behalf of Plaintiff asking Defendant to advise:

1) who or what entities Defendant represents in addition to Plaintiff that conflicts with his obligations owed to Plaintiff.

2) Whether Defendant has separate representations and agreements with Olympic Finance and/or Poly-America.

3) The basis for privileges asserted by Defendant for withholding documents, including identification of what documents exist and what privilege is being asserted and the legal basis.

4) Confirmation that all information has been provided by Defendant relating to administration of Plaintiff's personal residences as follows:

   a. 3833 Wentwood Drive LLC.

   b. 10331 Strait Lane, and any associated LLC or management agreement.

Defendant failed and refused to respond to this request.

vi. On or about September 5, 2025, Jackson Walker again wrote Defendant and Plaintiff's brother Michael Ross advising that Plaintiff was unaware that Defendant represented Plaintiff and Michael Ross regarding Plaintiff's residence.

8. Defendant has failed to act in Plaintiff's best interest, failed to act in good faith, and has failed to be transparent by not providing information requested by or on behalf of Plaintiff.

9. Further, Defendant had a conflict of interest with other parties as the lawyer and/or trustee of other trusts that did not allow Defendant to place the interests of Plaintiff above his own or others, including but not limited to Michael Ross, and did not provide all information to Plaintiff regarding the same.

10. When Defendant was Trustee, cash assets in the Trust were removed without approval or notice to Plaintiff.

11. On or about January 28, 2026, Plaintiff requested Defendant withdraw as Trustee and Defendant did so withdraw.

12. Defendant's breach of his fiduciary duties has proximately caused injury and damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT

### Count A – Breach of Fiduciary Duty

13. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show that that a trustee-beneficiary relationship existed between Plaintiff and Defendant and Defendant owed a fiduciary duty to Plaintiff. Specifically, and without limitation, Defendant owed Plaintiff a duty of care including prudent management of trust assets, a duty of loyalty including acting solely in the beneficiary's (Plaintiff) best interest – not their own, a duty of impartiality including treating all beneficiaries fairly, a duty of fair and honest dealing, a duty to act with integrity of the strictest kind, and a duty of full disclosure.

14. Further, Defendant as an attorney owed fiduciary duties to Plaintiff including but not limited to: being fair and reasonable, using the reasonable confidence Plaintiff placed in Defendant, acting in the utmost good faith and exercising the most scrupulous honesty toward Plaintiff, placing Plaintiff's interests above Defendants own, fully and fairly disclosing all important information to Plaintiff, and not failing to disclose all conflicts of interest or letting such conflicts of interest damage Plaintiff.

15. Defendant breached his fiduciary duties and proximately caused injury and damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiff

is entitled to actual, special, consequential, and punitive damages for which Plaintiff now sues.

16. Due to the breach of his fiduciary duties, any and all fees paid to Defendant SWANSON should be expunged and returned.

**Count B - Unconscionable/Knowingly/Intentionally**

17. Plaintiff incorporates by reference and re-alleges all allegations herein and would further show that in addition to the above-described courses of action, Defendant's conduct constitutes an unconscionable action and course of action, which was done knowingly and intentionally. Such actions, misrepresentations, and omissions listed above were done knowingly and intentionally thereby entitling Plaintiff to all damages including statutory, punitive, and exemplary damages as provided by the common law.

**Count C – Demand for Accounting**

18. Plaintiff incorporates by reference and re-alleges all allegations herein and would further show that Plaintiff, as a beneficiary of the Trust is entitled —under Texas Property Code §§ 113.151–.152 and under the trust instrument itself—to a complete, written statement of account. Despite Plaintiff's repeated requests, Defendant knowingly refused to comply.

19. Because Defendant withheld an adequate accounting, Plaintiff is forced to petition this Court to order Defendant to provide a full accounting of all trust activity from inception to present. Such an accounting should set forth, among other details:

- A complete inventory and valuation of each asset in the Trust (including all ownership interests in the closely held Family Enterprises).

- All receipts, disbursements, debts, and expenditures of trust funds, including trustee fees, partnership distributions, or other payments.
- Accurate statements of the fair market or appraised value of the Trust's ownership interests in corporate entities and partnerships, as well as evidence of how that value was derived.
- A thorough report on all underlying transactions, real or potential, that have impacted or may impact Rachel's beneficial interests.

20. Plaintiff seeks to compel Defendant to provide an accurate accounting of all actions taken while Defendant was Trustee of the Trust in accordance with Section 113.151 of the Texas Property (Trust) Code, which provides in part:

> (b) An interested person may file suit to compel the trustee to account to the interested person. The court may require the trustee to deliver a written statement of account to the interested person on finding that the nature of the interest in the trust of, the claim against the trust by, or the effect of the administration of the trust on the interested person is sufficient to require an accounting by the trustee. TEX. PROP. CODE § 113.151(b).

21. The Texas Property (Trust) Code defines an "interested person" to include:

> [A] trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust. Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.
> TEX. PROP. CODE § 111.004(7).

22. To the extent the accountings demonstrate mismanagement or breaches of duties, Plaintiff seeks all available remedies against Defendant that are available under Texas law.

## Count D - Relief Pursuant to Texas Property Code § 114.008

23. Trustee's breaches of his fiduciary duties, as set forth and discussed above, have caused damages to Plaintiff.

24. Texas Property Code Section 114.008(a)(1) provides that to remedy a breach of trust or a potential breach of trust, the Court may:

 a. Compel the trustee to redress a breach of trust, including compelling the trustee to pay money or to restore property;
 d. Order a trustee to account;
 e. Reduce or deny compensation to the trustee;
 f. Subject to subsection (b), void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property of which the trustee wrongfully disposed and recover the property or the proceeds from the property; and/or
 g. Order any other appropriate relief.

 Tex. Prop. Code Ann. 114.008(a).

25. Plaintiff seeks any and all temporary and permanent relief available pursuant to Texas Property Code Section 114.008(a) in order to remedy the breaches of trust that have occurred or might occur in the future.

26. Such relief is warranted because Defendant's many breaches of his fiduciary duties, as set forth and discussed above, relating to Plaintiff and her Trust require more than one form of relief as monetary damages alone will be inadequate.

## VI.
## DISCOVERY RULE

27. Plaintiff incorporates by reference and re-allege all allegations of this Petition and would further show that Plaintiff did not discover, and should not, in the exercise of reasonable diligence, have discovered, the courses of action alleged in this Petition prior

to the applicable statutory time frame for bringing suit and such suit was therefore timely filed. Plaintiff's injuries were inherently undiscoverable and are objectively verifiable.

## VII.
## DAMAGES

28. Plaintiff incorporates by reference and re-allege all allegations of this Petition and would further show that Plaintiff seeks any and all damages whatsoever resulting from the actions of Defendant supporting Plaintiff's damages. Plaintiffs seek non-monetary relief and monetary relief against Defendant for more than $1,000,000.00.

## VIII.
## EXEMPLARY DAMAGES

29. Plaintiff incorporates by reference and re-alleges all allegations of this Pleading and would further show that the breach of fiduciary duty actions by Defendant are the conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact sufficient to punish Defendant for his wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts.

## IX.
## ATTORNEY'S FEES

30. Plaintiff incorporates by reference and re-allege all preceding sections of this Petition and would further show that as a direct, proximate, and producing result and responsibility of Defendant's actionable conduct described above, Plaintiff has been forced to retain SHAW WELCH POWELL to present this action and accordingly sues

for attorney's fees reasonable in relation to the work expended against Defendant hereto, plus an additional reasonable sum in the event of an appeal herein by any party to the Texas Court of Civil Appeals, and a further reasonable sum in the event of an appeal to the Supreme Court of Texas.

**X.**
**NOTICE/CONDITIONS PRECEDENT**

31. All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendant has wholly waived and is estopped to assert all right to any conditions precedent.

**XI.**
**ALTERNATIVE PLEADING**

32. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show the Court that all pleadings herein, if deemed inconsistent, are made and should be construed in accordance with Rule 48 of the Texas Rules of Civil Procedure.

**XII.**
**NOTICE OF INTENT**

33. Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

**XIII.**
**PRE-JUDGMENT/POST-JUDGMENT INTEREST**

34. Plaintiff incorporates by reference and re-allege all allegations of this Petition and would further show that many of Plaintiff's damages may be determined by known standards of value and accepted rules of interest as damages. Accordingly, Plaintiff is

entitled to recover pre-judgment interest as damages from the date of loss and/or the date such damages can be determined prior to judgment, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set out by law.

## XIV.
## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer herein and that upon final trial hereof, Plaintiff recover judgment against the Defendant for the following:

a. Judgment against Defendant for actual damages, including fee expungement;
b. Any and all relief available pursuant to Texas Property Code §114.008(a) in order to remedy the breaches of trust that have occurred or might occur in the future;
c. Exemplary/punitive/statutory damages;
d. Attorney's fees;
e. Costs of Court;
f. Litigation expenses; and
g. Such other and further relief to which they may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
april@shawlaw.net

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 111443777
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description: JURY DEMAND
Status as of 2/19/2026 2:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Leticia Botello | | leticia@shawlaw.net | 2/19/2026 9:10:01 AM | SENT |
| Rae Diaz | | RAEANNA@SHAWLAW.NET | 2/19/2026 9:10:01 AM | SENT |
| APRIL SUMNER | | APRIL@SHAWLAW.NET | 2/19/2026 9:10:01 AM | SENT |
| Beau Powell | | beau@shawlaw.net | 2/19/2026 9:10:01 AM | SENT |
| David Welch | | david@shawlaw.net | 2/19/2026 9:10:01 AM | SENT |
| Evan Shaw | 18140500 | van@shawlaw.net | 2/19/2026 9:10:01 AM | SENT |