IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL BETH POLKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 3:26-cv-00923-K |
| *v.* | § | |
| | § | |
| MICHAEL SHANE SWANSON, | § | |
| | § | |
| *Defendant.* | § | |

**MICHAEL SHANE SWANSON'S BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:

Michael Shane Swanson ("Swanson") files this Brief Supporting Motion to Dismiss Plaintiff's Original Petition (the "State Court Petition") (ECF Dkt. No. 1-6) filed February 19, 2026 in Dallas County Court at Law No. 2, which was timely removed to this Court on March 23, 2026 under 28 U.S.C. § 1446(b). *See* ECF Dkt. No. 1 (the "Notice of Removal").

## INTRODUCTION

Plaintiff's conclusory breach-of-fiduciary-duty claim and related remedies sought in the State Court Petition, based on purported conduct concerning *other* trusts for which Swanson is not trustee, falls far short of satisfying applicable pleading standards under FED. R. CIV. P. 8, *Twombly*, and *Iqbal* because Plaintiff's allegations consist of mere labels and conclusions without any supporting facts. Plaintiff's purported breach-of-fiduciary-duty claim and related remedies must be dismissed under FED. R. CIV. P. 12(b)(6) for this reason alone.

Plaintiff's claims also fail – and should be dismissed – because the Trust Agreement, which is referred to in the State Court Petition and central to Plaintiff's purported claims, exculpates Swanson from liability for the matters about which Plaintiff complains.

Finally, Plaintiff's demand for accounting of the Trust under the Texas Property Code is

deficient because: (1) the Texas Property Code does not apply to the Trust, which is governed under Minnesota law; and (2) even if the Texas Property Code applied, Plaintiff failed to make the statutorily required demand for accounting on Swanson 90-days before filing the State Court Petition.

## STATEMENT OF FACTS[1]

### A. The Rachel Beth Ross Revocable Trust

1. On January 20, 1989, Plaintiff, as grantor, executed the Rachel Beth Ross Revocable Trust Agreement (as amended, the "Trust Agreement") creating the Rachel Beth Polka Revocable Trust, f/k/a the Rachel Beth Ross Revocable Trust (the "Trust"). *See* Ex. 1, Trust Agreement, Appendix Supporting Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition and Supporting Brief ("App."), App. 3-30.[2]

2. Since May 31, 2020, Swanson – a partner at Stinson LLP – has served as trustee of the Trust. *See generally*, State Court Petition, ¶ 6.

3. On December 8, 2021, Plaintiff, as grantor, executed the First Amendment to Rachel Beth Polka Revocable Trust Agreement, appointing herself as co-trustee of the Trust. *See* Ex. 1, Trust Agreement, App. 27-30.

4. The Trust Agreement contains an exculpation clause stating "[n]o person or corporation acting as a trustee hereunder shall at any time be held liable for a mistake of law and/or fact, for an error in judgment, nor for any loss or injury coming to any trust estate or to any

[1] By addressing Plaintiff's allegations as-pled, Swanson does not accede to the truth of any such allegations.

[2] Plaintiff refers to the Trust Agreement on pp. 1-2 of the State Court Petition. Thus, this Court may consider the Trust Agreement and the other documents referred to and quoted in the State Court Petition because they are central to her claims. *See Taylor v. Hartley*, 488 F. Supp.3d 517, 526 (S.D. Tex. 2020); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoted in *Taylor*); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

beneficiary thereof (or to any beneficiary under this Trust Agreement, or to any other person), except as a result of actual fraud or willful misconduct on the part of the trustee to be charged." *See id.*, App. 23.

5. Under the Trust Agreement, Plaintiff, as grantor, reserved the right "[t]o direct the Trustee as to the retention, acquisition, sale, or other disposition of trust assets by written instrument filed with the Trustee . . . [and agreed] the Trustee shall not be liable to anyone for any loss resulting from following such directions or from retaining any assets acquired pursuant to any such directions." *See id.*, App. 6.

**B. Plaintiff's Request for Information**

6. On August 4, 2025, Sarah Patel Pacheco ("Ms. Pacheco") – a Jackson Walker LLP attorney – sent a letter to Swanson, on behalf of Plaintiff, requesting documents and related information for the Trust and multiple *other trusts* that are not at issue in this lawsuit. Ex. 2, August 4, 2025 Letter, App. 31-33.[3] Ms. Pacheco stated in that letter that "for historical context . . . [she] underst[ood] [the Trust] may now be unfunded" but requested "any documents that reflect the transfer of assets from [the Trust] to [Plaintiff]." *Id.*, App. 32.

7. The majority of the information Ms. Pacheco requested in the August 4, 2025 letter, however, concerned *other trusts* and related to issues currently being litigated in a lawsuit Plaintiff filed on July 30, 2025 in Dallas County District Court against Michael A. Ross – Plaintiff's brother – and Issac Hull – a non-family member trustee – in their capacities as co-trustees of the Adam B. Ross 2006 Irrevocable Trust I, a trust not at issue in this lawsuit. *Id.*; App. 31-33. Swanson is not a party to that litigation, and Plaintiff does not allege that Swanson is a trustee of any of the other trusts discussed in the August 4, 2025 letter.

[3] Plaintiff refers to this August 4, 2025 letter on p. 3 of the State Court Petition.

8. On August 8, 2025, Lowell Noteboom ("Mr. Noteboom") – a Stinson LLP partner – sent a letter responding to Ms. Pacheco's August 4 letter, stating that Stinson would provide the documents requested regarding the Trust. *See* Ex. 3, August 8, 2025 Letter, App. 34-35.[4] The remainder of the requested documents and information concerned other trusts and other clients' privileges, which Mr. Noteboom indicated neither Swanson nor Stinson could waive without those clients' consent. *Id.*; App. 35.

9. On August 20, 2025, Stinson confirmed sending Ms. Pacheco documents requested in the August 4, 2025, letter, including the requested Trust documents. *See* Ex. 4, August 20, 2025 Letter, App. 36.[5]

10. On August 22, 2025, Chris Bankler – a Jackson Walker LLP attorney – sent a response letter to Mr. Noteboom confirming receipt of the documents, including the documents related specifically to the Trust. *See* Ex. 5, August 22, 2025 Letter; App. 37-40.[6]

11. Thus, the correspondence shows that Swanson agreed to produce, and did produce, the requested documents and information specifically regarding the Trust – the only trust at issue in this suit and the only trust for which Plaintiff alleges Swanson served as trustee.

**C. Swanson's Resignation as Trustee And Plaintiff's Suit**

12. On January 28, 2026, Plaintiff demanded that Swanson resign as trustee of the Trust. *See* State Court Petition, ¶ 11. Swanson accepted the request and resigned. *Id.*

13. Plaintiff then filed suit against Swanson on February 19, 2026 in Dallas County Court at Law No. 2, alleging Swanson failed to act in Plaintiff's best interest and asserting a

---

[4] Plaintiff refers to and quotes from this August 8, 2025 letter on p. 4 of the State Court Petition.

[5] Plaintiff refers to and quotes from this August 20, 2025 letter on p. 4 of the State Court Petition.

[6] Plaintiff refers to this August 22, 2025 letter on pp. 4-5 of the State Court Petition.

breach-of-fiduciary-duty claim, demanding an accounting, requesting findings of intentional conduct, and requesting remedies under the Texas Property Code. *See e.g.*, State Court Petition, ¶¶ 13-22. Swanson removed the action to this Court by filing the Notice of Removal on March 23, 2026 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff did not move to remand within the 30-day limit under 28 U.S.C. § 1447.

## ARGUMENT AND AUTHORITIES

### I. PLAINTIFF'S CONCLUSORY BREACH-OF-FIDUCIARY-DUTY ALLEGATIONS FAIL TO SATISFY FEDERAL COURT PLEADING STANDARDS.

Plaintiff's conclusory breach-of-fiduciary-duty claim fails to satisfy FED. R. CIV. P. 8(a).[7] Under pleading standards set forth by the Supreme Court, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Failure to meet these standards warrants dismissal under Rule 12(b)(6) for failure to satisfy Rule 8(a)(2).

Plaintiff's conclusory State Court Petition falls far short of federal pleading standards because there are no plausible allegations supporting Swanson's purported breach of his fiduciary duties as trustee of the Trust. Plaintiff merely alleges that Swanson "withheld basic information regarding the nature, value, and performance of the Trust, information as to the Trustee, and failed to act in the best interests of Plaintiff as the beneficiary of the Trust." *See* State Court Petition, ¶ 7. Plaintiff, however, pleads no facts to substantiate these allegations, such as what information allegedly was withheld, why that information was needed, and how Swanson allegedly failed to

[7] Plaintiff's alleged Count B – "Unconscionable/Knowingly/Intentionally" – and Count D "Relief Pursuant to Texas Property Code § 114.008" (State Court Petition, ¶¶ 17, 23-26) are not claims, but merely allegations and remedies relating to her alleged breach-of-fiduciary-duty claim, and thus fail for the same reasons that Plaintiff's breach-of-fiduciary-duty claim fails.

act in Plaintiff's best interest. Plaintiff further alleges, in conclusory fashion, that "cash assets in the Trust were removed without approval or notice to Plaintiff." *See id.*, ¶¶ 8-10. But Plaintiff has not pled any facts showing what "cash assets" Swanson purportedly removed without approval.

Courts in this district repeatedly have held that such conclusory breach-of-fiduciary-duty allegations, absent factual support, fail to satisfy Rule 8 and must be dismissed. *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 520 (N.D. Tex. 2010) (Means, J.) (granting defendant's motion to dismiss breach-of-fiduciary-duty claim because plaintiff "has not alleged any facts that raise the claim above the speculative level [and] does not allege a single specific instance" of the defendant's alleged breach of fiduciary duty); *In re Superior Air Parts, Inc.*, 486 B.R. 728, 745 (Bankr. N.D. Tex. 2012) (Houser, J.), aff'd sub nom. *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:13-CV-1162-L, 2014 WL 1976757 (N.D. Tex. May 15, 2014) (Lindsay, J.) (dismissing breach-of-fiduciary-duty claim because "there [were] no specific, non-conclusory factual allegations supporting this claim."); *In re Specialty Select Care Ctr. of San Antonio, LLC*, No. 17-44248-ELM, 2021 WL 3083522, at *20 (Bankr. N.D. Tex. July 21, 2021) (Morris, J.) (dismissing the trustee's breach-of-fiduciary-duty claim because the complaint failed to meet federal pleading standards and instead "baldly assert[ed] that [defendant] breached his duty of loyalty to the Debtor by 'arrang[ing] contracts between the Debtor and affiliated companies which were heavily weighted in favor of the affiliated companies' without identifying the contracts at issue . . . or in what way the contracts were 'heavily weighted' in favor of the affiliates.").

## II. THE TRUST EXCULPATES SWANSON FROM PLAINTIFF'S PURPORTED BREACH-OF-FIDUCIARY-DUTY CLAIM IN THIS LAWSUIT.

Section 6.9 of the Trust Agreement states:

> No person or corporation acting as a trustee hereunder shall at any time be held liable for a mistake of law and/or fact, for an error in

> judgment, nor for any loss or injury coming to any trust estate or to any beneficiary thereof (or to any beneficiary under this Trust Agreement, or to any other person), except as a result of actual fraud or willful misconduct on the part of the trustee to be charged.

(the "Exculpation Clause"); Ex. 1, Trust Agreement, App. 23.

The Minnesota Trust Code[8] specifically provides that such an exculpation provision is enforceable unless it: "(1) relieves the trustee of liability for breach of trust committed in ***bad faith or with reckless indifference*** to the purposes of the trust or the interests of the beneficiaries; or (2) was inserted as the result of an abuse by the trustee of a fiduciary or confidential relationship to the settlor." MINN. STAT. ANN. § 501C.1008 (emphasis added).

The Exculpation Clause is enforceable under Minnesota law because: (1) it does not relieve any trustee of the Trust, including Swanson, from bad faith or reckless indifference, but instead expressly carves out actual fraud or willful misconduct; and (2) Plaintiff does not allege that the original trustee abused his powers by inserting the Exculpation Clause during formation of the Trust in 1989, more than 30 years before Swanson assumed his role as trustee of the Trust.

Thus, because Plaintiff complains solely about Swanson's conduct as trustee of the Trust, his complained of conduct is protected under the Exculpation Clause, and he cannot be liable for that complained-of-conduct or any of the purported damages arising from that complained-of-conduct.

Moreover, Plaintiff's conclusory allegations that Swanson's purported actions somehow "constitute[] an unconscionable action and course of action, which was done knowingly and intentionally" has no factual support and thus are insufficient to establish a claim for actual fraud

---

[8] Minnesota law governs the Trust Agreement. *See* Ex. 1, Trust Agreement Section 6.12, App. 24 ("[A]ll questions of law arising hereunder shall be determined in accordance with the laws of the State of Minnesota.").

or willful misconduct, cannot defeat the Exculpation Clause, and must be disregarded. *See* State Court Petition, ¶ 17. Such conclusory labels and conclusions must be disregarded on a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").[9]

## III. PLAINTIFF'S ALLEGATIONS ARE IMPLAUSIBLE AND MUST BE DISMISSED.

Plaintiff filed suit "in her capacity as a beneficiary of the [Trust] . . . complaining of [Swanson] in his capacity as former Trustee of the Trust." State Court Petition, p. 1. However, Plaintiff's allegations stem from information requests and complaints focused on ***other trusts*** that are not at issue in this current suit. *See generally*, State Court Petition, ¶ 7. For example, Plaintiff complains that Swanson failed to provide information requested in a series of correspondence in August – September 2025 and that this failure constituted a breach of fiduciary duty. *Id.*, ¶¶ 8-12. But, the correspondence makes clear that the information and privilege assertions which Plaintiff complains about ***involve other trusts***, including trusts for which Swanson is not the Trustee. In fact, Plaintiff's counsel's August 22, 2025 letter to Stinson confirms that Plaintiff received all requested information specifically regarding the Trust. Ex. 5, August 22, 2025 Letter; App. 37-40.

Plaintiff also attempts to support her breach-of-fiduciary-duty allegations by cherry picking out-of-context quotes from a July 2, 2024 memorandum Swanson prepared for her brother, Michael Ross. *See* State Court Petition, ¶ 7. When read in its entirety, and with context, Swanson does not suggest taking any actions against Plaintiff's best interests, instead stating:

[9] Moreover, to the extent Plaintiff complains of Swanson's handling of Trust investments – which she has not pled – Swanson is exculpated from any liability because, under the Trust Agreement, "the Trustee shall not be liable to anyone for any loss resulting from following" Plaintiff's investment directions. Ex. 1, Trust Agreement Section 1.3.03, App. 4.

- Plaintiff "has participated in [] discussions [with professional advisors] in a very thoughtful and meaningful way;"

- "Rachel and her children will need to be prepared for what their roles may eventually be, which may involve some management of family assets, management of professionals who manage the family assets or simply being equipped to be a responsible, informed beneficiary;" and

- "***[Plaintiff's] children*** . . . don't have a full understanding of the extent of the wealth, the history and ownership of Poly-America and Olympic Finance Company, and the trust structure in which the vast majority of the family wealth is held. The advisors affirmatively recommend that quantitative data not be shared [with ***Plaintiff's children***] at this point as it may be harmful; rather, they suggested that we gradually provide all relevant information over time in age appropriate manners and tailoring it to each individual family member."

Ex. 6, July 2, 2024 Memorandum, App. 41-44 (emphasis added).[10]

The Court should disregard Plaintiff's allegations that are disproven by the very documents Plaintiff references in and makes central to her purported claims against Swanson. *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) ("If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true."); *see also Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. 2013) (finding documents attached to the motion to dismiss that were referenced in and central to plaintiff's complaint contradicted plaintiff's allegations and therefore the court was not to accept plaintiff's allegations as true.").

[10] Plaintiff refers to and quotes from this July 2, 2024 memorandum on p. 3 of the State Court Petition.

## IV. PLAINTIFF'S DEMAND FOR ACCOUNTING FAILS FOR MULTIPLE REASONS

First, Plaintiff demands an accounting under the Texas Property Code, which ignores that the Trust was created under and governed by Minnesota law.[11] The Texas Property Code does not apply, and thus the demand for accounting under the Texas Property Code should be dismissed for that reason alone.

Even if the Texas Property Code applied, however, Plaintiff's demand for accounting would be procedurally improper and subject to dismissal because Plaintiff failed to make a required demand for accounting 90 days before filing the State Court Petition on February 19, 2026. *See* TEX. PROP. CODE ANN. § 113.151 ("If the trustee fails or refuses to deliver the statement on or before the 90th day after the date the trustee receives the demand or after a longer period ordered by a court, any beneficiary of the trust may file suit to compel the trustee to deliver the statement to all beneficiaries of the trust."). Plaintiff failed to plead, and Swanson has no record of, Plaintiff's demand for accounting of the Trust before filing suit.

## CONCLUSION

Accordingly, the Court should dismiss Plaintiff's claims against Swanson with prejudice under FED. R. CIV. P. 8(a) and 12(b)(6), deny leave to amend, and grant Swanson such other and further relief to which he is entitled.

[11] *See* Ex. 1, Trust Agreement Section 6.12; App. 24 ("This [T]rust has been accepted by the Trustee in the State of Minnesota, and this Trust Agreement has been delivered to Trustee in said State, and all questions of law arising hereunder shall be determined in accordance with the laws of the State of Minnesota.").

Respectfully submitted,

*/s/ George M. Kryder*
George M. Kryder
State Bar No. 11742900
gkryder@velaw.com
Jeremy M. Reichman
State Bar No. 24083722
jreichman@velaw.com
Michael C. Lee
State Bar No. 24109461
mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

*Attorneys for Defendant*
*Michael Shane Swanson*

## CERTIFICATE OF SERVICE

I certify that all current counsel of record have been served with a copy of the foregoing document through the Court's CM/ECF system according to Local Civil Rule 5.1 on April 29, 2026.

*/s/ Jeremy M. Reichman*
Jeremy M. Reichman