**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RACHEL BETH POLKA,** *Plaintiff,* | § § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:26-cv-00923-K** |
| **MICHAEL SHANE SWANSON,** *Defendants.* | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT MICHAEL SHANE SWANSON'S**
**MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE COURT:

Now comes Rachel Beth Polka ("Plaintiff") and files her *Response to Defendant Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition* and, in support thereof, would show unto the Court the following:

## I. SUMMARY

1. Following removal to this Court, Defendant seeks to dismiss Plaintiff's lawsuit by attacking her pleading filed in accordance with state court pleading standards.
2. Nevertheless, Defendant's motion should be denied because:
    a. Plaintiff's pleading complies with Rule 8 as it contains a short and plain statement of her claim showing that she is entitled to relief, including specific instances detailing the breach of fiduciary duty forming the basis of Plaintiff's suit.
    b. The exculpation provision relied on by Defendant does not absolve him from willful misconduct – the exact conduct Plaintiff alleges here.
    c. Plaintiff made a demand for an accounting in 2025 and the August 22, 2025 letter relied on by Defendant for the proposition that all materials sought by Plaintiff were provided to her expressly states "a majority of documents requested" had still not been received.

## II. LAW AND ARGUMENT

3. All pleadings must contain: (a) a short and plain statement of the grounds for the court's jurisdiction; (b) a short and plain statement of the claim showing that the party is entitled to relief; and (c) a demand for the relief sought. Fed. R. Civ. P. 8(a).

4. When considering a defendant's motion to dismiss, the Court must construe the factual allegations in the plaintiff's complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

5. If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, the Court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56.

6. As shown below, Plaintiff has provided Defendant with fair notice of the claims asserted against him and Plaintiff's complaint shows a plausible right to recovery from Defendant.

### A. <u>Plaintiff's Pleading is Sufficient</u>

#### i. <u>Plaintiff's state court pleading satisfies the Federal Rules' pleading requirements</u>

7. Plaintiff's live pleading, pled according to state court standards prior to removal, satisfies the pleading requirements of Rule 8.

8. Plaintiff's pleading centers on allegations that Defendant breached his fiduciary duties as Trustee of the Rachel Beth Polka Revocable Trust. *See generally* ECF Doc. 1-6.

9. The elements of a claim for breach of fiduciary duty are:

   a. Plaintiff and Defendant had a fiduciary relationship;

   b. The Defendant breached his fiduciary duty to Plaintiff;

   c. The Defendant's breach: (i) proximately caused injury to the Plaintiff; or (ii) resulted in a benefit to Defendant.

*See, e.g., First United Pentecostal Ch. v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).

10. Plaintiff's live pleading includes a short and plain statement showing her right to recover under her claim for breach of fiduciary duty.

11. First, Plaintiff identifies fiduciary duties owed to her by Defendant in his capacity as Trustee. ECF Doc. 1-6 at ¶¶ 13-14.

12. Next, Plaintiff specifically identifies actions, and inactions, of Defendant giving rise to her claim. ECF Doc. 1-6 at ¶¶ 7-10.

13. Finally, Plaintiff has alleged that Defendant's breaches proximately caused her damages. ECF Doc 1-6 at ¶¶ 12 and 15. Moreover, Plaintiff has alleged that the breaches resulted in an improper benefit to Defendant. *See* ECF Doc. 1-6 at ¶ 16.

14. Contrary to Defendant's contention, Plaintiff's state-court pleading is not a conclusory pleading with a recitation of the elements of her claims and nothing more. Instead, the allegations in the pleading are specific and are sufficient to show that a right to relief is plausible. This is especially true because the Court must construe Plaintiff's factual allegations in the light most favorable to Plaintiff when considering Defendant's motion.

15. Even assuming Plaintiff did not provide a short and plain statement of a claim showing she is entitled to relief (as shown above, she did), the state-court pleading provides extensive factual detail and, as a whole, is intelligible and clearly delineates the claims and the defendant against whom the claims are made. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008); *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 819-21 (7th Cir. 2001).

16. For these reasons, Plaintiff's live pleading (though pled according to state court standards) meets the pleading requirement imposed by the Federal Rules and Defendant's motion should be denied.

ii. **<u>The Trust's exculpation provision underscores fact questions inherent in Plaintiff's claims</u>**

17. Defendant erroneously contends Plaintiff's claims should be dismissed because the Trust contains an exculpation provision.

18. However, as pointed out by Defendant, the Trust does not exculpate the Trustee from any loss or injury that is the result of actual fraud or willful misconduct. ECF Doc. 18 at p. 23 (Section 6.9 Liability of Trustee).

19. While Plaintiff does not contend she was the victim of actual fraud committed by Defendant, Plaintiff does allege the actions, and inactions, of Defendant constituted willful misconduct. *See* ECF Doc. 1-6 at ¶¶ 7-10 and 17.

20. Thus, Plaintiff complains of more than routine acts of Defendant as Trustee for which he would be protected by the exculpation clause.

21. At best, Defendant's motion has shown a question of fact regarding the level of conduct engaged in by Defendant (i.e., whether the conduct was willful misconduct). This question is within the purview of the jury and cannot be appropriately resolved until after the parties have engaged in discovery (and not in connection with an initial motion to dismiss a state court pleading).

iii. **<u>Defendant's appendix evidence shows Plaintiff's claims are plausible</u>**

22. Defendant's argument regarding Plaintiff's claims being implausible is completely contradicted by the writings contained within Defendant's *Appendix Supporting Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition and Supporting Brief*.

23. First, Defendant incorrectly contends that the correspondence supporting Plaintiff's claims (her request for information from Defendant as Trustee) all involved other trusts. This is simply not true. While the August 4, 2025 letter sent on Plaintiff's behalf did include requests for

information regarding other trusts and entities, the request unequivocally encompassed material and information related to the trust at issue in this suit. ECF Doc. 18 at pp. 31-33.

24. Next Defendant incorrectly contends that Plaintiff's counsel's August 22, 2025 letter confirms that Plaintiff received all requested information specifically regarding the Trust. This is also not true. Indeed, the first sentence of the Document Production section of the August 22, 2025 letter expressly states "[i]t appears we are still missing a majority of documents requested by Ms. Polka." ECF Doc. 18 at p. 38. The letter goes on to outline numerous other documents related to the trust at issue (and others) that are believed to have been withheld by Defendant. ECF Doc. 18 at pp. 39-40. Moreover, the letter demonstrates a continued effort by Plaintiff to get to the bottom of Defendant's claims of privilege and confidentiality to avoid providing materials sought by Plaintiff. ECF Doc. 18 at 38.

25. Thus, contrary to Defendant's assertion, Plaintiff's claims are not disproven by the very documents referenced by Plaintiff and Defendant's motion should be denied with respect to this issue.

**iv. <u>Plaintiff made a demand for an accounting and, even if she didn't, dismissal is not warranted</u>**

26. Defendant's argument in support of dismissal of Plaintiff's demand for an accounting also fails for various reasons.

27. First, Plaintiff has pled that all conditions precedent necessary to maintain her suit have occurred. ECF Doc. 1-6 at ¶ 31. Upon the filing of this pleading, the burden the switched to Defendant to file a pleading denying that any condition precedent had occurred or been performed "with particularity." Fed. R. Civ. P. 9(c). Defendant has not filed any answer let alone an answer setting forth the condition(s) precedent that Defendant contends have not occurred with particularity.

28. Second, Plaintiff did send a demand for an accounting more than ninety days prior to filing suit. In her August 4, 2025 letter, Plaintiff demand from Defendant, *inter alia*, current balance sheets or other statements of assets and liabilities for the trust at issue including, but not limited to, detailed schedules of marketable securities, closely held stock, partnership interests, real property, insurance policies, notes receivable, and any split-dollar receivables or premium loans; and outstanding liabilities, including notes payable to related parties. ECF Doc. 18 at 32-33.

29. Third, Defendant contends on one hand that Texas law does not apply but on the other hand that Texas law mandates dismissal. Defendant cites no authority in support of his contention that Plaintiff's claims for an accounting must be dismissed for the alleged failure to send a demand for an accounting at least ninety days before filing suit. ECF Doc. 17 at p. 10. Further, Plaintiff's counsel has been unable to locate any authority mandating dismissal for failure to send the demand for accounting at least ninety days before filing suit.

30. Finally, assuming Defendant is correct that the demand for accounting is governed by Minnesota law, the Minnesota Duty to Inform and Report statute contains no requirement for any pre-suit demand to be made. Minn. Stat. § 501C.0813.

## IV. MOTION FOR LEAVE TO RE-PLEAD

31. Should the Court determine that Plaintiff's live pleading does not sufficiently state a claim, Plaintiff seeks leave to amend her pleading.

32. The decision to allow an amendment of a complaint is within the sound discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, courts "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2).

33. Because there will be no undue delay, the request for leave is not made in bad faith or for dilatory purpose, and there would be no undue prejudice to Defendants, Plaintiff seeks leave to amend her live complaint if the Court finds Plaintiff's live pleading insufficient.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court deny Defendant's motion in its entirety and award any such other and further relief to which Plaintiff may be entitled, in law and in equity.

Respectfully submitted,

*/s/ Beau Powell*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 20th day of May 2026.

*/s/ Beau Powell*
Jeremy B. (Beau) Powell