IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL BETH POLKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 3:26-cv-00923-K |
| *v.* | § | |
| | § | |
| MICHAEL SHANE SWANSON, | § | |
| | § | |
| *Defendant.* | § | |

**MICHAEL SHANE SWANSON'S REPLY BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:

Plaintiff's Response to Defendant Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition (ECF Dkt. No. 21) (the "Response") fails to address Plaintiff's pleading deficiencies, recognizes that Swanson is exculpated from Plaintiff's complained-of conduct, and does not change that documents referenced in the State Court Petition and central to Plaintiff's purported claims show that Swanson agreed to provide the limited documentation Plaintiff requested regarding the Trust, thus rendering Plaintiff's claims implausible and subject to dismissal.

Moreover, Plaintiff's request for an accounting under the Texas Property Code fails because Texas law does not govern the request and Plaintiff did not make the required pre-suit demand.

## I. PLAINTIFF'S RESPONSE DOES NOT CHANGE THAT HER PURPORTED BREACH-OF-FIDUCIARY-DUTY CLAIM FAILS TO SATISFY FEDERAL COURT PLEADING STANDARDS.

Plaintiff's Response: (1) misconstrues Federal Court pleading requirements, (2) does not change that Plaintiff's purported breach-of-fiduciary-duty claim is conclusory and fails to satisfy

Rule 8, *Twombly*, and *Iqbal*, and (3) relies on inapposite, out-of-circuit cases, which have no bearing on Plaintiff's pleading deficiencies here.

Plaintiff stands on her conclusory allegations in the State Court Petition, claiming that she "specifically identifies actions, and inactions, of [Swanson] giving rise to her [breach-of-fiduciary-duty] claim." Response, ¶ 12. However, nowhere in the State Court Petition does Plaintiff identify what requested information Swanson allegedly withheld regarding the Trust, why the information was needed, or how the alleged failure to provide such information constituted a purported breach of fiduciary duty. *See e.g.*, Pet. ¶¶ 7-10. Moreover, Plaintiff merely pleads that Swanson's purported "breach of his fiduciary duties has proximately caused injury and damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court" (Pet. ¶ 12) without pleading how Swanson injured Plaintiff, what damages Plaintiff suffered, or how Swanson caused those purported damages. Plaintiff's conclusory allegations do not plausibly plead a breach-of-fiduciary-duty claim. *See e.g.*, *Matter of ATP Oil & Gas Corp*., 711 Fed. Appx. 216, 222 (5th Cir. 2017) ("As the district court recognized, the Trustee has failed to plead any facts explaining why such a preferred stock dividend payment necessarily harmed the corporation itself—the entity to which the Officers and Directors owed a fiduciary duty. Thus, we affirm the district court's determination that the Trustee failed to state a plausible breach of fiduciary duty claim with respect to the preferred stock dividend payment.")

Moreover, Plaintiff ignored Swanson's authority supporting dismissal of Plaintiff's conclusory breach-of-fiduciary-duty claim because she failed to plausibly plead any facts to substantiate her conclusory allegations that Swanson breached his fiduciary duty. *See e.g., Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 520 (N.D. Tex. 2010) (Means, J.); *In re Superior Air Parts, Inc.*, 486 B.R. 728, 745 (Bankr. N.D. Tex.

2012) (Houser, J.), aff'd sub nom. *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:13-CV-1162-L, 2014 WL 1976757 (N.D. Tex. May 15, 2014) (Lindsay, J.); *In re Specialty Select Care Ctr. of San Antonio, LLC*, No. 17-44248-ELM, 2021 WL 3083522, at *20 (Bankr. N.D. Tex. July 21, 2021) (Morris, J.).

Plaintiff cites two out-of-circuit cases, both predating *Twombly* and *Iqbal*,[1] claiming dismissal is inappropriate "[e]ven [if she] did not provide a short and plain statement of a claim showing she is entitled to relief. *See* Response, ¶ 15. This directly contradicts the requirement that "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing FED. R. CIV. P. 8(a)(2)).

## II. PLAINTIFF AGREES THAT THE TRUST AGREEMENT EXCULPATES SWANSON FROM PLAINTIFF'S PURPORTED BREACH-OF-FIDUCIARY-DUTY CLAIM, YET PLAINTIFF HAS NOT PLAUSIBLY PLED THAT SWANSON ACTED WILLFULLY.

Plaintiff agrees that the Trust Agreement exculpates Swanson from liability for acts that do not constitute willful misconduct. *See e.g.,* Response ¶¶ 18, 19 ("[T]he Trust does not exculpate the Trustee from any loss or injury that is the result of actual fraud or willful misconduct . . . Plaintiff does allege the actions, and inactions, of [Swanson] constituted willful misconduct . . . [and] Plaintiff complains of more than routine acts of [Swanson] as Trustee for which he would be protected by the exculpation clause."). Thus, there is no dispute that – as a matter of law – Swanson is exculpated from any complained-of conduct as Trustee unless he acted willfully.

However, Plaintiff has not sufficiently pled any facts supporting the bare allegations that "Defendant's conduct constitutes an unconscionable action and course of action, which was done

[1] Plaintiff's cases – *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124 (9th Cir. 2008) and *Davis v. Ruby Foods, Inc.*, 269 F.3d 818 (7th Cir. 2001) – are inapposite and addressed whether lengthy pleadings that contained extraneous facts met pleading standards. These pre- *Twombly* and *Iqbal* cases neither address nor impact Plaintiff's failure to plausibly state claims as required under Federal pleading standards.

knowingly and intentionally. Such actions, misrepresentations, and omissions listed above were done knowingly and intentionally thereby entitling Plaintiff to all damages." Pet. ¶ 17. These conclusory and unsupported statements do not plausibly state that Swanson acted willfully. *See e.g. Albaugh v. Wind Access Eng'g, Inc.*, No. 1:23-CV-00146, 2025 WL 1699195, at *14 (S.D. Tex. May 16, 2025), report and recommendation adopted, No. 1:23-CV-146, 2025 WL 1682890 (S.D. Tex. June 16, 2025), aff'd, No. 25-40434, 2026 WL 637724 (5th Cir. Mar. 6, 2026) (affirming dismissal of plaintiff's gross negligence allegations because plaintiff pled "mere conclusions" and did not "plead relevant legal elements or facts necessary to otherwise support a gross negligence claim."); *see also Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 146251, at *4 (N.D. Tex. Jan. 10, 2023) (Fitzwater, J.) ("[C]ourts have concluded that wanton and willful misconduct is akin to gross negligence.")

Thus, Plaintiff's claims must be dismissed because: (1) Plaintiff admits that Swanson is exculpated from any complained-of conduct that he did not commit willfully and (2) Plaintiff's mere conclusory assertions that Swanson acted willfully, without any supporting facts or explanation, render Plaintiff's willfulness accusations implausible and subject to dismissal.

## III. PLAINTIFF MISCHARACTERIZES CORRESPONDENCE AND IGNORES THAT THE REQUESTED INFORMATION CONCERNING THE TRUST WAS PROVIDED.

In her Response, Plaintiff alleges that Swanson "incorrectly contends that the correspondence supporting Plaintiff's claims . . . all involved other trusts." Response, p. 4. To the contrary, Swanson contends that "the ***information and privilege assertions which Plaintiff complains about*** involve other trusts," but Swanson agreed to provide all information Plaintiff requested specifically regarding the Trust, which is supported by the correspondence. *See* ECF Dkt. No. 17, Swanson's Brief Supporting Motion to Dismiss, p. 8 (emphasis added).

Specifically, in the August 4, 2025 letter, Ms. Pacheco asked Swanson to provide the "Rachel Beth Polka Revocable Trust dated 1989 (for historical context; I understand it may now be unfunded) and any documents that reflect the transfer of assets from this trust to Rachel, the 2024 Family Revocable Trust, or otherwise" and "[c]urrent balance sheets or other statements of assets and liabilities for the . . . [Trust]." *See* ECF Dkt. No. 18, Appendix Supporting Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition And Supporting Brief ("App."), Ex. 2, August 4, 2025 Letter, App. 32.

In response, Mr. Noteboom promised to provide all requested information related to the Trust – the Trust Agreement, status of Joint Revocable Trust and documents showing transfers from the Trust, and balance sheets for the Trust – without objection or any assertion of privilege or confidentiality. Ex. 3, August 8, 2025 Letter, App. 34.

On August 22, 2025, Mr. Bankler confirmed "receipt of . . . your preliminary document production sent on August 15" (Ex. 5, August 22, 2025 Letter, App. 37) (*i.e.* the requested documents regarding the Trust that Mr. Noteboom promised in the August 8th letter).

Plaintiff does not allege nor has she referred to any documents showing Swanson failed to provide the requested information concerning the Trust. The privilege and confidentiality issues Plaintiff attempts to raise all relate ***to other trusts***. Thus, Swanson maintains that Plaintiff's allegations that Swanson withheld Trust information, including on the basis of privilege or confidentiality, should be disregarded because they are contradicted by the very documents Plaintiff refers to and makes central to her purported claims. *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) ("If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a

document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true.").

## IV. PLAINTIFF'S DEMAND FOR ACCOUNTING UNDER TEXAS LAW SHOULD BE DISMISSED BECAUSE TEXAS LAW DOES NOT APPLY AND, IN ANY EVENT, PLAINTIFF FAILED TO MAKE A DEMAND BEFORE FILING SUIT.

Plaintiff does not address that the Trust is governed by Minnesota law and ignores that she pursues a demand for accounting under inapplicable Texas law. This alone requires dismissal of Plaintiff's demand for accounting under the Texas Property Code. Plaintiff's citation to Minnesota law regarding accounting procedures in her Response is irrelevant because she makes no demand for accounting under Minnesota law in the State Court Petition. *See* Response, ¶ 30.

Moreover, the August 4, 2025 letter, contrary to Plaintiff's assertion, simply requested that Swanson provide certain limited information regarding the Trust (*see* Section III, *supra*) but in no way constitutes a demand for accounting for the Trust. *See e.g.* TEX. PROP. CODE § 113.152.[2] Thus, Plaintiff did not demand an accounting of the Trust 90 days before filing suit, did not give Swanson the opportunity to provide the information available in a written statement of account for the Trust, and therefore Plaintiff's demand for accounting in the State Court Petition is premature, baseless, and should be dismissed.

## V. PLAINTIFF'S REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED.

Plaintiff's bare request for leave to amend her State Court Petition is improper and should be denied because she failed to explain how she might attempt to rectify her fatal pleading

---

[2] "A written statement of accounts shall show: (1) all trust property that has come to the trustee's knowledge or into the trustee's possession and that has not been previously listed or inventoried as property of the trust; (2) a complete account of receipts, disbursements, and other transactions regarding the trust property for the period covered by the account, including their source and nature, with receipts of principal and income shown separately; (3) a listing of all property being administered, with an adequate description of each asset; (4) the cash balance on hand and the name and location of the depository where the balance is kept; and (5) all known liabilities owed by the trust."

deficiencies. *See e.g.*, *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (denying plaintiff's requests for leave to re-plead because, among other things, a "'bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a).'") (internal citation omitted).

**CONCLUSION**

Accordingly, for the reasons stated in Swanson's motion to dismiss, supporting brief, and herein, the Court should dismiss Plaintiff's claims against Swanson with prejudice under FED. R. CIV. P. 8(a) and 12(b)(6), deny leave to amend, and grant Swanson such other and further relief to which he is entitled.

Respectfully submitted,

*/s/ George M. Kryder*

George M. Kryder
State Bar No. 11742900
gkryder@velaw.com
Jeremy M. Reichman
State Bar No. 24083722
jreichman@velaw.com
Michael C. Lee
State Bar No. 24109461
mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

*Attorneys for Defendant*
*Michael Shane Swanson*

## CERTIFICATE OF SERVICE

I certify that all current counsel of record have been served with a copy of the foregoing document through the Court's CM/ECF system according to Local Civil Rule 5.1 on June 3, 2026.

*/s/ Jeremy M. Reichman*
Jeremy M. Reichman