IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL BETH POLKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 3:26-cv-00923-K |
| *v.* | § | |
| | § | |
| MICHAEL SHANE SWANSON, | § | |
| | § | |
| *Defendant.* | § | |

# INITIAL JOINT REPORT

TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:

Under the Court's Order Requiring Scheduling Conference And Report For Contents of Scheduling Order (ECF Dkt. No. 20) (the "Order"), Plaintiff Rachel Beth Polka ("Plaintiff") and Defendant Michael Shane Swanson ("Swanson") (Plaintiff and Swanson, jointly, the "Parties") submit this Initial Joint Report after participating in a scheduling conference on May 14, 2026 (the "Scheduling Conference").

For the Court's convenience, the Parties summarize in the following chart their agreements on the various deadlines referenced in the Order.

| Event | Proposed Date |
|---|---|
| Deadline to Exchange Rule 26(a)(1) Disclosures | May 28, 2026 |
| Deadline to Join Parties | July 3, 2026 |
| Deadline to Amend Pleadings | August 7, 2026 |
| Deadline to Complete Fact Discovery | February 5, 2027 |
| Deadline for Plaintiff to Designate Experts | February 5, 2027 |
| Deadline for Swanson to Designate Experts | March 22, 2027 |
| Deadline to Complete Expert Discovery | April 23, 2027 |
| Deadline to File Motions to Exclude Experts | May 21, 2027 |
| Deadline to File Dispositive Motions | May 21, 2027 |
| Deadline to Complete Mediation | June 25, 2027 |
| Proposed Trial Date (estimated 3 – 4 days) | October 4, 2027 |

**(1) A brief description of the nature of the case and the claims and defenses**

**Plaintiff's position:**

Plaintiff contends Defendant, while acting as Trustee of the Rachel Beth Polka Revocable Trust, previously known as Rachel Beth Ross Revocable Trust (the "Trust"), withheld information regarding the nature, value, and performance of the trust, information regarding the Trustee of the Trust, and failed to act in the best interest of Plaintiff as beneficiary of the Trust. While acting as Trustee, Defendant oversaw the depletion of substantial Trust assets. Defendant failed to act in the best interest of Plaintiff and has failed to be transparent by, without limitation, refusing to provide information requested by or on behalf of Plaintiff. Further, Defendant has refused to provide an accounting of the Trust, despite Plaintiff's valid requests.

**Swanson's position:**

Swanson contest Plaintiff's claims in this suit for all the reasons set forth in Michael Shane Swanson's Motion to Dismiss Plaintiff's Original Petition and Supporting Brief (ECF Dkt. Nos. 16 and 17), including that Plaintiff's claims focus on purported conduct concerning other trusts for which Swanson is not trustee, Swanson is exculpated from the complained of conduct under the Rachel Beth Ross Revocable Trust Agreement and Swanson appropriately provided all information Plaintiff requested regarding the Rachel Beth Ross Revocable Trust.

Further, Plaintiff served as co-trustee of the Trust, actively participated in administration of the Trust, possessed Trust assets, and possessed information regarding the Trust, negating her allegations that Swanson purportedly had a superior right to and/or withheld Trust information.

Swanson denies Plaintiff's allegations, denies that Plaintiff suffered or that Swanson proximately caused any purported damages, and maintains that he acted appropriately in his role as Trustee of the Rachel Beth Ross Revocable Trust.

**(2) The identity of any related proceeding**

The following lawsuit is ongoing between Plaintiff, Michael Ross, and Issac Hull regarding some of the other trusts referenced in Plaintiff's Original Petition.

*Polka v. Ross, et al*., No. DC-25-12279, 116th Judicial District, Dallas County, Texas.

**(3) A proposed deadline by which to file motions for leave to join other parties**

The Parties agree to a July 3, 2026 deadline to join other parties. *See* proposed Scheduling Order chart.

**(4) A proposed deadline by which to amend pleadings**

The Parties agree to an August 7, 2026 deadline to amend pleadings. *See* proposed Scheduling Order chart.

**(5) A proposed deadline by which to file various types of motions, including dispositive motions; (The Court prefers the deadline for dispositive motions to be no less than 120 days before trial)**

The Parties agree to a May 21, 2027 deadline to file dispositive motions. *See* proposed Scheduling Order chart.

**(6) A proposed deadline for initial designation of experts**

The Parties agree to a February 5, 2027 deadline for Plaintiff to designate experts. *See* proposed Scheduling Order chart.

**(7) A proposed deadline for responsive designation of experts**

The Parties agree to a March 22, 2027 deadline for Swanson to designate experts. *See* proposed Scheduling Order chart.

**(8) A proposed deadline for objections to experts (i.e., Daubert and similar motions)**

The Parties agree to object to experts by May 21, 2027. *See* proposed Scheduling Order chart.

**(9) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues**

The Parties plan to complete fact discovery by February 5, 2027 and expert discovery by April 23, 2027. *See* proposed Scheduling Order chart.

The Parties anticipate that discovery will be needed to explore Plaintiff's claims, and the defense thereto, in this case as set forth in Section 1.

The Parties agree that there is no need to conduct discovery in phases or to limit discovery to particular issues other than what is provide for in the Federal Rules of Civil Procedure.

**(10) Any changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed.**

None at this time.

**(11) A proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded; (The Court operates a three-week docket beginning the first Monday of each month, therefore the parties should propose a trial date accordingly.)**

The Parties respectfully request an October 4, 2027 trial date, subject to the Court's availability. *See* proposed Scheduling Order chart.

The parties currently estimate three to four days to try the matter.

Plaintiff demanded a jury in her Original Petition (ECF Dkt. No. 1-6).

**(12) A proposed date for further settlement negotiations**

The Parties plan to mediate on or before June 25, 2027. *See* proposed Scheduling Order chart.

**(13) Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties do not have any objections or proposed modifications and have already served Rule 26(a)(1) disclosures.

**(14) Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge.**

The Parties do not consent.

**(15) Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (*e.g.*, before discovery, after limited discovery, after motions are filed, etc.)**

The Parties plan to mediate on or before June 25, 2027 and believe that mediation would be most effective after the Parties have had the opportunity to meaningfully engage in discovery.

**(16) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial**

None at this time.

**(17) Any other matters relevant to this case**

None at this time.

Respectfully submitted,

*/s/ Jeremy B. (Beau) Powell (with permission)*
Evan Lane (Van) Shaw
State Bar No. 18140500
David J. Welch
State Bar No. 24098593
Jeremy B. (Beau) Powell
State Bar No. 24099163
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
Fax No. (214) 754-7715
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
april@shawlaw.net

*Attorneys for Plaintiff*

*/s/ George M. Kryder*
George M. Kryder
State Bar No. 11742900
gkryder@velaw.com
Jeremy M. Reichman
State Bar No. 24083722
jreichman@velaw.com
Michael C. Lee
State Bar No. 24109461
mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

*Attorneys for Defendant*
*Michael Shane Swanson*

## CERTIFICATE OF SERVICE

I certify that all current counsel of record have been served with a copy of the foregoing document through the Court's CM/ECF system according to Local Civil Rule 5.1 on June 3, 2026.

*/s/ Jeremy M. Reichman*
Jeremy M. Reichman