**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RACHEL BETH POLKA,** *Plaintiff,* | § | |
| | § | **Civil Action No. 3:26-cv-00923-K** |
| **VS.** | § | |
| | § | |
| **MICHAEL SHANE SWANSON,** *Defendant.* | § | |

# PLAINTIFF RACHEL BETH POLKA'S FIRST AMENDED COMPLAINT

RACHEL BETH POLKA, in her capacity as a beneficiary of the Rachel Beth Polka Revocable Trust f/k/a as Rachel Beth Ross Revocable Trust ("the Trust") and files this her First Amended Complaint complaining of Michael Shane Swanson in his capacity as former Trustee of the Trust, Defendant, and in support of the same would respectfully show the Court as follows:

## I. NATURE OF THE ACTION

1. This is an action related to several breaches of fiduciary duties by Defendant Swanson in his capacity as Truste of the Trust which ultimately resulted in the complete and total depletion of trust assets.

## II. PARTIES

2. Plaintiff Rachel Beth Polka is an individual Texas resident domiciled in Dallas County, Texas and a citizen of Texas.

3. Upon information and belief, Defendant Michael Shane Swanson is an individual domiciled in the state of Minnesota and a citizen of Minnesota. [Doc. 1 at 3]. Swanson has appeared through counsel.

4. As required by Federal Rule of Civil Procedure 19(c), Plaintiff Polka identifies RACHEL BETH POLKA REVOCABLE TRUST f/k/a RACHEL BETH ROSS REVOCABLE TRUST ("the Trust") as a potential party which may be required to join if feasible but is not joined because it is a citizen of Texas and its joinder would destroy subject-matter jurisdiction. Because this suit may affect current or former Trust property, it is unclear at this time whether the Trust itself is an indispensable party.

## III.
## JURISDICTION

5. This Court currently had subject matter jurisdiction under 28 U.S.C. § 1332(a) over this removed case because: (1) the current parties to this lawsuit reside in different states and there was currently complete diversity among all joined parties; and (2) the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant Michael Swanson because this suit concerns a trust that was administered, in whole or in part, in Dallas County, Texas, all or part of the events or omissions giving rise to these claims took place in Dallas County, Texas, and Swanson was served with process.

7. The Court would not have subject-matter jurisdiction over this action if it joined the Trust as an indispensable party because at least one beneficiary and the trustee are domiciled in Dallas County, Texas and the Trust is therefore a citizen of Texas. The citizenship of a trust

is determined by the citizenship of the trustees, *see Ronald Alexander Leblanc Tr. v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003), *and* the citizenship of the beneficiaries, *see Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 227 (S.D.N.Y. 2013), the Trust is a citizen of Texas because Plaintiff Polka—a beneficiary and trustee—is a citizen of Texas.

## IV.
## STATEMENT OF FACTS

8. Upon information and belief, Plaintiff Polka asserts the following Statement of Facts which, in addition to other facts, supports Plaintiff Polka's causes of actions set out herein. Plaintiff Polka requires discovery to ascertain additional relevant facts.

9. Defendant Swanson previously served as a trustee of the Trust from May 31, 2020, until February 3, 2026. At the same time that Defendant Swanson served as a trustee of the Trust, he failed to comply with his fiduciary duties to provide complete and accurate information to Plaintiff Polka as both grantor and beneficiary of the Trust. As a direct result of Defendant Swanson's willful acts, a Trust which used to be worth millions is now worth virtually nothing.

10. For example, during his tenure as trustee, Defendant Swanson willfully withheld basic information regarding the nature, value, and performance of the Trust, information known only to him as Trustee, and failed to act in the best interest of Plaintiff Polka as the beneficiary of the Trust, including but not limited to:

a. In a confidential memorandum prepared by Defendant Swanson to Plaintiff's brother Michael Ross dated July 2, 2024, entitled "Road Map for Preparing the Next Generation," Defendant Swanson reported to Michael Ross that:

i. "the advisors affirmatively recommended that the quantitative data not be shared at this point,"

ii. and that information instead be "gradually" provided "in age appropriate manners."

iii. Defendant Swanson emphasized that neither Plaintiff Polka nor her children should be given a "full understanding of the extent of the wealth, the history and ownership of Poly-America and Olympic Finance Company, and the Trust structure in which the vast majority of the family wealth is held."

b. Each of these statement runs contrary to Defendant Swanson's fiduciary obligation to provide *complete information* to Plaintiff Polka as the grantor and a beneficiary of the Trust.

c. Defendant Swanson additionally failed to provide substantial information requested in letters; specifically:

i. On or about August 4, 2025, Attorney Sara Patel Pacheco of Jackson Walker LLP (referred to herein as "Jackson Walker") wrote Defendant Swanson on behalf of Plaintiff asking Defendant Swanson to provide information about the Trust which has not been previously provided despite "numerous requests and notwithstanding [the] trustee's obligations to do so without sch request."

ii. On or about August 8, 2025, Counsel for Defendant Swanson responded that Defendant Swanson represented other persons in the "Ross family

and their entities" and that some of the requested information would not be provided based on "privilege."

iii. On or about August 18, 2025, Attorney Sara Patel Pacheco of Jackson Walker wrote Counsel for Defendant Swanson requesting a basis for the privilege withholding referred to in the August 8, 2025 letter from Counsel for Defendant Swanson.

iv. On or about August 20, 2025, Counsel for Defendant Swanson responded that Defendant Swanson sent some documents and would not provide other certain "non-privileged" documents.

v. On or about August 22, 2025, Attorney Sara Patel Pacheco of Jackson Walker wrote Defendant Swanson on behalf of Plaintiff Polka noting that Defendant Swanson had failed to provide "a majority of documents requested by Ms. Polka" and asking Defendant Swanson to advise:

1) who or what entities Defendant Swanson represents in addition to Plaintiff Polka that conflicts with his obligations owed to Plaintiff Polka.

2) Whether Defendant Swanson has separate representations and agreements with Olympic Finance and/or Poly-America.

3) The basis for privileges asserted by Defendant Swanson for withholding documents, including identification of what documents exist and what privilege is being asserted and the legal basis.

4) Confirmation that all information has been provided by Defendant Swanson relating to administration of Plaintiff's personal residences as follows:

a. 3833 Wentwood Drive LLC.

b. 10331 Strait Lane, and any associated LLC or management agreement.

Defendant Swanson failed and refused to respond to this request.

vi. On or about September 5, 2025, Jackson Walker again wrote Defendant Swanson and Plaintiff's brother Michael Ross advising that Plaintiff Polka was unaware that Defendant Swanson represented both Plaintiff Polka and Michael Ross regarding Plaintiff Polka's residence.

11. Further, Defendant Swanson had a conflict of interest with other parties as the lawyer and/or trustee of other trusts that did not allow Defendant Swanson to place the interests of Plaintiff Polka above his own or other clients, including but not limited to Michael Ross, and intentionally withheld relevant information to Plaintiff Polka regarding these conflicts.

12. When Defendant Swanson was Trustee, cash assets in the Trust were removed without approval or notice to Plaintiff Polka. To date, Plaintiff Polka has not been able to complete a full accounting of the Trust's property due to Defendant Swanson's refusal to provide necessary information related to the Trust's financial information and transactions during his tenure as trustee.

13. On or about January 28, 2026, Plaintiff Polka requested Defendant Swanson withdraw as Trustee and Defendant Swanson did so withdraw.

14. Defendant Swanson's breach of his fiduciary duties has proximately caused injury and damage to Plaintiff Polka in an amount in excess of $75,000.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT SWANSON

### Count A – Breach of Fiduciary Duty

15. Plaintiff Polka incorporates by reference and re-alleges all allegations of this Complaint and would further show that that a trustee-beneficiary relationship existed between Polka and Swanson and Swanson owed fiduciary duties to Polka as a matter of law, regardless of whether Minnesota or Texas law applies. *E.g.*, *Lund as trustee of Revocable Tr. of Kim A. Lund v. Lund*, 924 N.W.2d 274 (Minn. Ct. App. 2019) ("Trustees owe beneficiaries fiduciary duties of loyalty, full disclosure, and action pursuant to the terms of the trust."); *Marshall as Tr. of Marshall Grandchildren's Tr. v. Marshall*, No. 14-23-00276-CV, 2025 WL 3165810 (Tex. App.—Houston [14th Dist.] Nov. 13, 2025), decision clarified on denial of reh'g, No. 14-23-00276-CV, 2026 WL 585070, at *16 (Tex. App.—Houston [14th Dist.] Mar. 3, 2026, no pet. h.) ("Ordinarily, the fiduciary duties of good faith, fair dealing, loyalty, and fidelity impose on a trustee a duty to exercise the care and judgment that a person of ordinary prudence, discretion, and intelligence would exercise when managing their own affairs.").

16. Specifically, and without limitation, Defendant Swanson owed Plaintiff Polka a duty of care including prudent management of trust assets, a duty of loyalty including acting solely in the beneficiary's best interest, a duty of impartiality including treating all beneficiaries fairly, a duty of fair and honest dealing, a duty to act with integrity of the strictest kind, and a duty of full disclosure.

17. Further, Swanson as an attorney owed fiduciary duties to beneficiaries of the trust—including Polka—including but not limited to: being fair and reasonable, using the reasonable confidence Plaintiff Polka placed in Defendant Swanson, acting in the utmost good faith and exercising the most scrupulous honesty toward Plaintiff, placing Plaintiff's interests above his own, fully and fairly disclosing all important information to Plaintiff Polka, and not failing to disclose all conflicts of interest or letting such conflicts of interest damage Plaintiff Polka.

18. Upon information and belief, Swanson willfully and wantonly breached his fiduciary duties and proximately caused injury and damages to Polka, a beneficiary of the Trust. Because Defendant Swanson has stonewalled Plaintiff Polka's access to information regarding transactions or actions he executed during his tenure as trustee, financial information demonstrating the extent of harm caused by Defendant Swanson's willfully breaches are currently unavailable until discovery is conducted. However, specific examples of Defendant Swanson's willful breaches include—but are not limited to—the following actions:

- Breaching the fiduciary duty of fill disclosure by willfully and purposefully withholding relevant and important information from Plaintiff Polka regarding Trust assets;
- Breaching his fiduciary duty of acting with utmost good faith and fair dealing by willfully removing—or knowingly permitting others to remove—cash assets from the Trust without permission or authorization, and in a manner that did not act in the beneficiaries' best interest and which resulted in a multi-million dollar depreciation of Trust assets over a short period of time; and
- Breaching his fiduciary duty of loyalty and good faith to Polka placing the interests of others above her own and maintaining simultaneous conflicting representations.

19. Only after adequate discovery can the full extent of Plaintiff Polka's damages be determined. Upon information and belief, the multi-million-dollar Trust is now effectively out of money, and at least more than $75,000 of that loss is directly traceable to Defendant Swanson's willful breaches of his fiduciary duties.

20. As a direct result of Swanson's willful acts, Polka has suffered damages and is entitled to actual, special, consequential, and punitive damages for which Plaintiff Polka now sues. As both a grantor and beneficiary of the Trust, Plaintiff Polka was entitled to direct the trustee to take specific actions with respect to sale or disposition of Trust property. By willfully denying Plaintiff Polka accurate and complete information regarding the Trust, Defendant Swanson undermined Plaintiff Polka's rights under the trust and effectively disempowered her ability to direct the Trust's actions. The amount of potential damages is unknowable until a full accounting is completed.

21. Due to the breach of his fiduciary duties during his time as trustee, any and all fees paid to Swanson for his services should be disgorged and returned to the Trust.

**Count B - Willingly/Knowingly/Intentionally Acted**

22. Plaintiff Polka incorporates by reference and re-alleges all allegations herein and would further show that in addition to the above-described courses of action, upon information and belief it appears that Defendant Swanson acted intentionally. Upon information and belief, Swanson's actions, misrepresentations, and omissions were done knowingly, intentionally, and/or willfully, thereby entitling Polka to all damages including statutory, punitive, and exemplary damages as provided by the common law.

**Count C - Relief Pursuant to Texas Property Code § 114.008**

23. Trustee's breaches of his fiduciary duties, as set forth and discussed above, have caused damages to Plaintiff Polka.

24. Texas Property Code Section 114.008(a)(1) provides that to remedy a breach of trust or a potential breach of trust, the Court may:

- Compel the trustee to redress a breach of trust, including compelling the trustee to pay money or to restore property;
- Order a trustee to account;
- Reduce or deny compensation to the trustee;
- Void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property of which the trustee wrongfully disposed and recover the property or the proceeds from the property; and/or
- Order any other appropriate relief.

*See* TEX. PROP. CODE 114.008(a)(1)-(10).

25. Plaintiff Polka seeks any and all temporary and permanent relief available pursuant to Texas Property Code Section 114.008(a) in order to remedy the breaches of trust that occurred while Defendant Swanson acted as trustee.

26. Such relief is warranted because Defendant Swanson's many breaches of his fiduciary duties, as set forth and discussed above, relating to Plaintiff Polka and her Trust require more than one form of relief and monetary damages alone will be inadequate.

## VIII.
## DISCOVERY RULE

27. Plaintiff Polka incorporates by reference and re-allege all allegations of this Petition and would further show that Plaintiff Polka did not discover, and should not, in the exercise of reasonable diligence, have discovered, the courses of action alleged in this Petition prior to

the applicable statutory time frame for bringing suit and such suit was therefore timely filed. Plaintiff's injuries were inherently undiscoverable and are objectively verifiable.

## IX.
## DAMAGES

28. Plaintiff Polka incorporates by reference and re-allege all allegations of this Petition and would further show that Plaintiff Polka seeks any and all damages whatsoever resulting from the actions of Defendant Swanson which directly damaged Plaintiff Polka or disrupted Plaintiff Polka's ability to manage the Trust's assets, to her detriment. Plaintiff Polka also seeks the disgorgement of any fees or profits paid to Defendant Swanson during his tenure as trustee. Plaintiffs seek non-monetary relief and monetary relief against Defendant for more than $1,000,000.00.

## X.
## EXEMPLARY DAMAGES

29. Plaintiff incorporates by reference and re-alleges all allegations of this Pleading and would further show that the breach of fiduciary duty actions by Defendant are the conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact sufficient to punish Defendant for his wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts.

## XI.
## ATTORNEY'S FEES

30. Plaintiff incorporates by reference and re-allege all preceding sections of this Petition and would further show that as a direct, proximate, and producing result and responsibility of Defendant's actionable conduct described above, Plaintiff has been forced to retain SHAW WELCH POWELL to present this action and accordingly sues for attorney's fees reasonable in relation to the work expended against Defendant hereto, plus an additional reasonable sum in the event of an appeal herein by any party to the Texas Court of Civil Appeals, and a further reasonable sum in the event of an appeal to the Supreme Court of Texas.

## XII.
## NOTICE/CONDITIONS PRECEDENT

31. All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendant has wholly waived and is estopped to assert all right to any conditions precedent.

## XIII.
## ALTERNATIVE PLEADING

32. Plaintiff incorporates by reference and re-alleges all allegations of this Complaint and would further show the Court that all pleadings herein, if deemed inconsistent, are made in the alternative.

## XIV.
## PRE-JUDGMENT/POST-JUDGMENT INTEREST

33. Plaintiff incorporates by reference and re-allege all allegations of this Complaint and seeks pre-judgment interest as damages from the date of loss and/or the date such

damages can be determined prior to judgment, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set out by law. Plaintiff Polka also seeks postjudgment interest as permitted by statute at such time that a judgment is entered.

## XV.
## JURY DEMAND

34. Plaintiff Polka hereby demands a trial by jury.

35. WHEREFORE, PREMISES CONSIDERED, Plaintiff Polka seeks to recover judgment against Defendant for the following:

a. Judgment against Defendant Swanson for actual damages, including fee disgorgement;

b. Any and all relief available against Defendant Swanson pursuant to Texas Property Code §114.008(a) in order to remedy the breaches of trust that have occurred;

c. Exemplary/punitive/statutory damages;

d. Attorney's fees;

e. Costs of Court;

f. Litigation expenses; and

g. Such other and further relief to which Plaintiff Polka may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Evan L. Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
SHAW WELCH POWELL
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
april@shawlaw.net

*/s/ Landon J. Francois*

Landon J. Francois
State Bar No. 24032706
WRIGHT CLOSE BARGER & GUZMAN, LLP
700 Louisiana, Suite 3000
Houston, Texas 77002
(713) 572-4321
(713) 572-4320 (fax)
francois@wcbglaw.com

ATTORNEYS FOR PLAINTIFF