IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL BETH POLKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | NO. 3:26-cv-00923-K |
| *v.* | § | |
| | § | |
| MICHAEL SHANE SWANSON, | § | |
| | § | |
| *Defendant.* | § | |

**MICHAEL SHANE SWANSON'S BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE ED KINKEADE, UNITED STATES DISTRICT JUDGE:

Michael Shane Swanson ("Swanson") files this Brief Supporting Motion to Dismiss Plaintiff Rachel Beth Polka's First Amended Complaint (the "Amended Complaint") (ECF Dkt. No. 30), which the Court should grant for the following reasons.

## INTRODUCTION

Plaintiff's conclusory breach-of-fiduciary-duty claim and related remedies sought in the Amended Complaint – which fails to rectify the pleading deficiencies in Plaintiff's State Court Petition (ECF Dkt. 1-6) – is based on purported conduct concerning *other* trusts for which Swanson is not trustee, and falls far short of satisfying applicable pleading standards under FED. R. CIV. P. 8, *Twombly*, and *Iqbal* because Plaintiff's allegations consist of mere labels and conclusions without any supporting facts. Plaintiff's purported breach-of-fiduciary-duty claim and related remedies must be dismissed under FED. R. CIV. P. 12(b)(6) for this reason alone.

Plaintiff's claims also fail – and should be dismissed – because the Trust Agreement, which is referred to in the Amended Complaint and central to Plaintiff's purported claims, expressly exculpates Swanson from liability for the matters about which Plaintiff complains.

## STATEMENT OF FACTS[1]

### A. The Rachel Beth Ross Revocable Trust

1. On January 20, 1989, Plaintiff, as grantor, executed the Rachel Beth Ross Revocable Trust Agreement (as amended, the "Trust Agreement") creating the Rachel Beth Polka Revocable Trust, f/k/a the Rachel Beth Ross Revocable Trust (the "Trust"). *See* Ex. 1, Trust Agreement, Appendix Supporting Michael Shane Swanson's Motion to Dismiss Plaintiff's First Amended Complaint and Supporting Brief ("App."), App. 3-30.[2]

2. On May 31, 2020, Swanson – a partner at Stinson LLP – began serving as trustee of the Trust. *See* Amended Complaint, ¶ 9.

3. On December 8, 2021, Plaintiff, as grantor, executed the First Amendment to Rachel Beth Polka Revocable Trust Agreement, appointing herself as co-trustee of the Trust. *See* Ex. 1, Trust Agreement, App. 27-30.

4. The Trust Agreement contains an exculpation clause stating:

> "***[n]o person*** or corporation ***acting as a trustee*** hereunder ***shall at any time be held liable for a mistake of law and/or fact, for an error in judgment, nor for any loss or injury*** coming to any trust estate or to any beneficiary thereof (or to any beneficiary under this Trust Agreement, or to any other person), ***except as a result of actual fraud or willful misconduct*** on the part of the trustee to be charged." *See id.*, App. 23 (emphasis added).

5. Under the Trust Agreement, Plaintiff, as grantor, reserved the right "[t]o direct the Trustee as to the retention, acquisition, sale, or other disposition of trust assets by written

---

[1] By addressing Plaintiff's allegations as-pled, Swanson does not accede to the truth of any such allegations.

[2] This Court may consider the Trust Agreement and the other documents referred to and quoted in the First Amended Complaint because they are central to her claims. *See Clapp v. Wells Fargo,* Nat. Ass'n, No. 4:14-CV-035-A, 2014 WL 1677805, at *2 (N.D. Tex. Apr. 28, 2014) (McBryde, J.); *Taylor v. Hartley*, 488 F. Supp.3d 517, 526 (S.D. Tex. 2020); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoted in *Taylor*); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

instrument filed with the Trustee . . . [and agreed] the Trustee shall not be liable to anyone for any loss resulting from following such directions or from retaining any assets acquired pursuant to any such directions." *See id.*, App. 4.

**B. Plaintiff's Request for Information**

6. On August 4, 2025, Sarah Patel Pacheco ("Ms. Pacheco") – a Jackson Walker LLP attorney – sent a letter to Swanson, on behalf of Plaintiff, requesting documents and related information for the Trust and multiple *other trusts* that are not at issue in this lawsuit. Ex. 2, August 4, 2025 Letter, App. 31-33.[3] Ms. Pacheco stated in that letter that "for historical context . . . [she] underst[ood] [the Trust] may now be unfunded" but requested "any documents that reflect the transfer of assets from [the Trust] to [Plaintiff]." *Id.*, App. 32.

7. The majority of the information Ms. Pacheco requested in the August 4, 2025 letter, however, concerned *other trusts* and related to issues currently being litigated in a lawsuit Plaintiff filed on July 30, 2025 in Dallas County District Court against Michael A. Ross – Plaintiff's brother – and Issac Hull – a non-family member trustee – in their capacities as co-trustees of the Adam B. Ross 2006 Irrevocable Trust I, a trust not at issue in this lawsuit. *Id.*; App. 31-33. Swanson is not a party to that litigation, and Plaintiff does not allege that Swanson is a trustee of any of the other trusts discussed in the August 4, 2025 letter.

8. On August 8, 2025, Lowell Noteboom ("Mr. Noteboom") – a Stinson LLP partner and member of the firm's Office of General Counsel – sent a letter responding to Ms. Pacheco's August 4 letter, stating that Stinson would provide the documents requested regarding the Trust. *See* Ex. 3, August 8, 2025 Letter, App. 34-35.[4] The remainder of the requested documents and

---

[3] Plaintiff refers to and quotes this August 4, 2025 letter in ¶ 10(c) (i) of the Amended Complaint.

[4] Plaintiff refers to and quotes from this August 8, 2025 letter in ¶ 10(c) (ii) of the Amended Complaint.

information concerned other trusts and other clients' privileges, which Mr. Noteboom indicated neither Swanson nor Stinson could waive without those clients' consent, and would not be produced. *Id.*; App. 35.

9. On August 20, 2025, Stinson confirmed sending Ms. Pacheco documents requested in the August 4, 2025, letter, including the requested Trust documents. *See* Ex. 4, August 20, 2025 Letter, App. 36.[5]

10. On August 22, 2025, Chris Bankler – a Jackson Walker LLP attorney – sent a response letter to Mr. Noteboom confirming receipt of certain documents, including documents related specifically to the Trust. *See* Ex. 5, August 22, 2025 Letter; App. 37-40.[6]

11. Thus, the correspondence shows that Swanson agreed to produce, and did produce, the requested documents and information specifically regarding the Trust – the only trust at issue in this suit.

**C. Swanson's Resignation as Trustee And Plaintiff's Suit**

12. On January 28, 2026, Plaintiff demanded that Swanson resign as trustee of the Trust. *See* Amended Complaint, ¶ 13. Swanson accepted the request and resigned. *Id.*

13. Plaintiff then filed suit against Swanson on February 19, 2026 in Dallas County Court at Law No. 2, alleging Swanson failed to act in Plaintiff's best interest, asserting a breach-of-fiduciary-duty claim, demanding an accounting, requesting findings of intentional conduct, and requesting remedies under the Texas Property Code. *See e.g.*, State Court Petition, ¶¶ 13-22 (ECF Dkt. No. 1-6). Swanson removed the action to this Court by filing the Notice of Removal on March 23, 2026 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

[5] Plaintiff refers to and quotes from this August 20, 2025 letter in ¶ 10(c) (iv) of the Amended Complaint.

[6] Plaintiff refers to and quotes from this August 22, 2025 letter ¶ 10(c) (v) of the Amended Complaint.

14. On June 18, 2026, the Court entered an order in response to Swanson's motion to dismiss the State Court Petition (i) granting Plaintiff leave to amend and (ii) denying Swanson's motion without prejudice to refiling. *See* ECF Dkt. No. 25.

## ARGUMENT AND AUTHORITIES

### I. PLAINTIFF'S CONCLUSORY BREACH-OF-FIDUCIARY-DUTY ALLEGATIONS FAIL TO SATISFY FEDERAL COURT PLEADING STANDARDS.

Plaintiff's conclusory breach-of-fiduciary-duty claim still fails to satisfy FED. R. CIV. P. 8(a).[7] Under pleading standards set forth by the Supreme Court, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Failure to meet these standards warrants dismissal under Rule 12(b)(6) for failure to satisfy Rule 8(a)(2).

Plaintiff's conclusory Amended Complaint fails to remedy the pleading deficiencies in the State Court Petition and still falls far short of federal pleading standards because there are no plausible allegations supporting Swanson's purported breach of his fiduciary duties as trustee of the Trust. Plaintiff merely alleges that Swanson "withheld basic information regarding the nature, value, and performance of the Trust, information known only to him as Trustee, and failed to act in the best interests of Plaintiff Polka as the beneficiary of the Trust." *See* Amended Complaint, ¶ 10. Plaintiff, however, pleads no facts to substantiate these allegations, such as what information allegedly was withheld, why that information was needed, how Swanson allegedly failed to act in Plaintiff's best interest, and/or how the purported withholding of information proximately caused

[7] Plaintiff's alleged Count B – "Willingly/Knowingly/Intentionally Acted" – and Count C "Relief Pursuant to Texas Property Code § 114.008" (Amended Complaint, ¶¶ 22, 23-26) are not claims, but merely allegations and remedies relating to her alleged breach-of-fiduciary-duty claim, and thus fail for the same reasons that Plaintiff's breach-of-fiduciary-duty claim fails.

Plaintiff to suffer any alleged damages. Plaintiff further alleges, in conclusory fashion, that "cash assets in the Trust were removed without approval or notice to Plaintiff Polka." *See id.*, ¶ 12. But Plaintiff has not pled any facts showing what "cash assets" Swanson purportedly removed without approval.

Courts in this district repeatedly have held that such conclusory breach-of-fiduciary-duty allegations, absent factual support, fail to satisfy Rule 8 and must be dismissed. *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 520 (N.D. Tex. 2010) (Means, J.) (granting defendant's motion to dismiss breach-of-fiduciary-duty claim because plaintiff "has not alleged any facts that raise the claim above the speculative level [and] does not allege a single specific instance" of the defendant's alleged breach of fiduciary duty); *In re Superior Air Parts, Inc.*, 486 B.R. 728, 745 (Bankr. N.D. Tex. 2012) (Houser, J.), aff'd sub nom. *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:13-CV-1162-L, 2014 WL 1976757 (N.D. Tex. May 15, 2014) (Lindsay, J.) (dismissing breach-of-fiduciary-duty claim because "there [were] no specific, non-conclusory factual allegations supporting this claim."); *In re Specialty Select Care Ctr. of San Antonio, LLC*, No. 17-44248-ELM, 2021 WL 3083522, at *20 (Bankr. N.D. Tex. July 21, 2021) (Morris, J.) (dismissing the trustee's breach-of-fiduciary-duty claim because the complaint failed to meet federal pleading standards and instead "baldly assert[ed] that [defendant] breached his duty of loyalty to the Debtor by 'arrang[ing] contracts between the Debtor and affiliated companies which were heavily weighted in favor of the affiliated companies' without identifying the contracts at issue . . . or in what way the contracts were 'heavily weighted' in favor of the affiliates.").

## II. THE TRUST EXCULPATES SWANSON FROM PLAINTIFF'S PURPORTED BREACH-OF-FIDUCIARY-DUTY CLAIM IN THIS LAWSUIT.

Section 6.9 of the Trust Agreement states:

> No person or corporation acting as a trustee hereunder shall at any time be held liable for a mistake of law and/or fact, for an error in judgment, nor for any loss or injury coming to any trust estate or to any beneficiary thereof (or to any beneficiary under this Trust Agreement, or to any other person), except as a result of actual fraud or willful misconduct on the part of the trustee to be charged.

(the "Exculpation Clause"); Ex. 1, Trust Agreement, App. 23.

The Minnesota Trust Code[8] specifically provides that such an exculpation provision is enforceable unless it: "(1) relieves the trustee of liability for breach of trust committed in ***bad faith or with reckless indifference*** to the purposes of the trust or the interests of the beneficiaries; or (2) was inserted as the result of an abuse by the trustee of a fiduciary or confidential relationship to the settlor." MINN. STAT. ANN. § 501C.1008 (emphasis added).

The Exculpation Clause is enforceable under Minnesota law because: (1) it does not relieve any trustee of the Trust, including Swanson, from bad faith or reckless indifference, but instead expressly carves out actual fraud or willful misconduct; and (2) Plaintiff does not allege that the original trustee abused his powers by inserting the Exculpation Clause during formation of the Trust in 1989, which was years before Swanson even became an attorney and more than 30 years before Swanson assumed his role as trustee of the Trust.

Thus, because Plaintiff complains solely about Swanson's conduct as trustee of the Trust, his complained of conduct is protected under the Exculpation Clause, and he cannot be liable for

---

[8] Minnesota law governs the Trust Agreement. *See* Ex. 1, Trust Agreement Section 6.12, App. 24 ("[A]ll questions of law arising hereunder shall be determined in accordance with the laws of the State of Minnesota.").

that complained-of-conduct or any of the purported damages arising from that complained-of-conduct.

Moreover, Plaintiff's conclusory allegations that Swanson's purported actions somehow "were done knowingly, intentionally, and/or willfully" has no factual support and thus are insufficient to establish a claim for actual fraud or willful misconduct, cannot defeat the Exculpation Clause, and must be disregarded. *See e.g.*, Amended Complaint, ¶ 22. For instance, Plaintiff's "specific examples" of Swanson's purported "willful breaches" are merely conclusory statements without any supporting facts. *See id.*, ¶ 18. Such conclusory labels and conclusions must be disregarded on a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").[9]

## III. PLAINTIFF'S ALLEGATIONS ARE IMPLAUSIBLE AND MUST BE DISMISSED.

Plaintiff filed suit "in her capacity as a beneficiary of the [Trust] . . . complaining of [Swanson] in his capacity as former Trustee of the Trust." Amended Complaint, p. 1. Plaintiff's allegations, however, stem from information requests and complaints focused on ***other trusts*** that are not at issue in this current suit. *See generally, id.*, ¶ 10. For example, Plaintiff complains that Swanson failed to provide information requested in a series of correspondence in August – September 2025 and that this failure constituted a breach of fiduciary duty. *Id.*, ¶¶ 9-10. But, the correspondence makes clear that the information and privilege assertions which Plaintiff complains about ***involve other trusts***, including trusts for which Swanson is not the Trustee.

[9] Moreover, to the extent Plaintiff complains of Swanson's handling of Trust investments – which she has not pled – Swanson is exculpated from any liability because, under the Trust Agreement, "the Trustee shall not be liable to anyone for any loss resulting from following" Plaintiff's investment directions. Ex. 1, Trust Agreement Section 1.3.03, App. 4.

Plaintiff does not allege nor has she referred to any documents showing Swanson failed to provide the requested information concerning the Trust.

Plaintiff also attempts to support her breach-of-fiduciary-duty allegations by cherry picking out-of-context quotes from a July 2, 2024 memorandum Swanson prepared for her brother, Michael Ross. *See* Amended Complaint, ¶ 10(a). When read in its entirety, and with context, Swanson does not suggest taking any actions against Plaintiff's best interests, instead stating:

- Plaintiff "has participated in [] discussions [with professional advisors] in a very thoughtful and meaningful way;"
- "Rachel and her children will need to be prepared for what their roles may eventually be, which may involve some management of family assets, management of professionals who manage the family assets or simply being equipped to be a responsible, informed beneficiary;" and
- "***[Plaintiff's] children*** . . . don't have a full understanding of the extent of the wealth, the history and ownership of Poly-America and Olympic Finance Company, and the trust structure in which the vast majority of the family wealth is held. The advisors affirmatively recommend that quantitative data not be shared [with ***Plaintiff's children***] at this point as it may be harmful; rather, they suggested that we gradually provide all relevant information over time in age appropriate manners and tailoring it to each individual family member."

Ex. 6, July 2, 2024 Memorandum, App. 41-44 (emphasis added).[10]

The Court should disregard Plaintiff's allegations that are disproven by the very documents Plaintiff references in and makes central to her purported claims against Swanson. *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) ("If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true.");

[10] Plaintiff refers to and quotes from this July 2, 2024 memorandum in ¶ 10(a) (i-iii) of the Amended Complaint.

*see also Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. 2013) (finding documents attached to the motion to dismiss that were referenced in and central to plaintiff's complaint contradicted plaintiff's allegations and therefore the court was not to accept plaintiff's allegations as true.").

## CONCLUSION

Accordingly, the Court should dismiss Plaintiff's claims against Swanson with prejudice under FED. R. CIV. P. 8(a) and 12(b)(6), deny leave to amend, and grant Swanson such other and further relief to which he is entitled.

Respectfully submitted,

*/s/ George M. Kryder*

George M. Kryder
State Bar No. 11742900
gkryder@velaw.com
Jeremy M. Reichman
State Bar No. 24083722
jreichman@velaw.com
Michael C. Lee
State Bar No. 24109461
mlee@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

*Attorneys for Defendant*
*Michael Shane Swanson*

## CERTIFICATE OF SERVICE

I certify that all current counsel of record have been served with a copy of the foregoing document through the Court's CM/ECF system according to Local Civil Rule 5.1 on August 17, 2026.

*/s/ Jeremy M. Reichman*
Jeremy M. Reichman